UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL C. PARKER,<br>      Plaintiff,<br>v.<br><br>MICHIGAN DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>      Defendants.<br>_____/ | Case No. 22-12891<br><br>Robert J. White<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PRIEST

A. Discussion

As explained in prior Orders, a returned receipt of service appears to indicate that Defendant Priest was properly served with the summons and complaint. (*See* ECF No. 34). Since that returned receipt, the Court has Ordered Priest twice to explain whether he intends to represent himself or seek counsel (ECF Nos. 35, 38), and having gotten no response to those Orders, the Court then assumed Priest was representing himself and ordered him to file a response to the complaint before the end of August (ECF No. 43). The Court's Orders were mailed to Priest at this last known address given to the United States Marshals Service. None of the Orders were returned as undeliverable, and Priest has not appeared to contest service of process. In short, to date, there has been no word from Priest.

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  The Court has otherwise observed that Priest has failed to plead and defend against this lawsuit.  As a result, the undersigned recommends that that Court direct the Clerk to enter default against Priest and give Plaintiff a date by which to move for default judgment under Fed. R. Civ. P. 55(b)(2).  *See Toft v. Alexander & Assocs., LLC*, 2008 WL 6716271, at *1 (W.D. Mich. Dec. 4, 2008) (quoting *Willings v. Int'l Portfolio Mgmt., Inc.*, No. 1:04-cv-139, slip op. at 2 (W.D. Mich. Jan. 6, 2006) ("As indicated, Plaintiffs have not applied to the Clerk for entry of default.  Nevertheless, since the Court observes that Defendant IPM has failed to otherwise defend this action and that fact has been judicially noticed, the Court will direct the Clerk to enter default under Rule 55(a)."); *Harrington v. Delta Career Edu. Corp.*, 2018 WL 3080450, at *2 (S.D. Ohio June 22, 2018) (adopting recommendation to direct Clerk to enter default against defendants who failed to defend).

The undersigned will mail this report and recommendation to Priest by certified mail, return receipt requested.

B.     <u>Procedures on Objection</u>

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: September 5, 2024            s/Curtis Ivy, Jr.
                                                       Curtis Ivy, Jr.
                                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class or Certified U.S. mail on September 5, 2024.

                                                       s/Sara Krause
                                                       Case Manager
                                                       (810) 341-7850