UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL C. PARKER,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Case No. 22-cv-12891

Honorable Robert J. White

**OPINION AND ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING THE MICHIGAN DEPARTMENT OF CORRECTIONS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING DEFENDANT MIGUEL PRIEST FROM THE CASE, AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST PRIEST**

I.    Introduction

Michael C. Parker is currently incarcerated with the Michigan Department of Corrections ("MDOC"). He commenced this 42 U.S.C. § 1983 action against the MDOC, three individual corrections officers, and a former corrections officer, Miguel Priest. (ECF No. 1; ECF No. 34, PageID.106). The complaint alleges that defendants violated the Fourth and Eighth Amendments to the United States Constitution, as well as a federal statute criminalizing voyeurism, when the

corrections officers strip searched Parker in front of prison surveillance cameras after receiving in-person visitors. The Court will refer to the MDOC and the three current corrections officers as the MDOC Defendants, collectively.

Before the Court is Magistrate Judge Curtis Ivy, Jr.'s report and recommendation dated January 27, 2025. (ECF No. 53). The report recommended that the Court grant the MDOC Defendants' motion for summary judgment and dismiss the allegations asserted against Priest.[1] (ECF No. 48). Parker timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 54). None of the defendants responded to Parker's objections.

For the following reasons, the Court will (1) overrule in part and sustain in part Parker's objections, (2) adopt in part and reject in part the magistrate judge's report and recommendation, (3) grant the MDOC Defendants' motion for summary judgment, (4) dismiss Priest from the case with prejudice, and (5) deny Parker's motion for default judgment against Priest.

II.  Background

Since Parker does not object to the material portions of the magistrate judge's factual summary, the Court finds that the recitation of the underlying allegations is

---

[1] The magistrate judge declined to recommend a disposition of Parker's motion for default judgment. (ECF No. 50; ECF No. 53, PageID.383). The Court will address this portion of the report and recommendation in section IV.D to this opinion and order.

accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 53, PageID.368-71).

III.   Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

IV.   Analysis

Parker raises four objections to the report and recommendation. The first three are overruled. The last one is sustained.

   A.   *Video Surveillance Footage*

Parker first objects that awarding summary judgment to the MDOC Defendants is improper because the magistrate judge never viewed the surveillance video depicting the strip searches. (ECF No. 54, PageID.392-95).

But the magistrate judge is correct – "whether the cameras were operational and recorded [the] strip searches" is immaterial to his constitutional claims. (ECF No. 53, PageID.376). Employing a camera to document the lawful strip search of an inmate does not violate either the Fourth or Eighth Amendments. *See Hubbert v. Myers*, No. 92-1232, 1993 U.S. App. LEXIS 21883, at *2 (6th Cir. Aug. 26, 1993); *see also McGibbon v. Stephenson*, No. 22-12167, 2023 U.S. Dist. LEXIS 220077, at *5 (E.D. Mich. Dec. 11, 2023) ("The law is clear that the mere act of videorecording

3

a strip search does not violate an inmate's constitutional rights."). So the first objection is overruled.

B.     *18 U.S.C. § 1801 Violation*

Next, Parker objects to the dismissal of the 18 U.S.C. § 1801 violation, claiming that the magistrate judge provided defendants a "free pass" to violate a criminal statute. (ECF No. 54, PageID.393).

18 U.S.C. § 1801(a) prohibits someone from intentionally videotaping another person's "private area . . . without their consent" in "circumstances" where the person "has a reasonable expectation of privacy." The statute defines "private area" as "the naked or undergarment clad genitals, pubic area, buttocks, or female breast." 18 U.S.C. § 1801(b)(3). The statute does carry a pertinent exemption. It "does not prohibit any lawful . . . *correctional* . . . activity." 18 U.S.C. § 1801(c) (emphasis added). That exception bars the statute's application here.

At any rate, section 1801 "does not create a private civil right of action, nor does it form the basis for a § 1983 civil rights claim." *Young v. City of Los Angeles*, No. 23-09938, 2024 U.S. Dist. LEXIS 67483, at *6 (C.D. Cal. Apr. 11, 2024); *see also Latronica v. Obama*, No. 12-1592, 2012 U.S. Dist. LEXIS 88487, at *5 (E.D. Cal. Jun. 26, 2012) (same). So the magistrate judge appropriately recommended dismissing this cause of action.

4

### C.  *Priest Dismissal*

Parker also objects to the dismissal of the allegations asserted against Priest because the Court previously directed the Clerk of the Court to enter a default against him pursuant to Fed. R. Civ. P. 55(a). (ECF No. 54, PageID.396-97; *see also* ECF No. 46, PageID.146).

Federal courts are empowered to "grant a motion to dismiss even as to non-moving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987).  This course of action is appropriate even with respect to non-moving defendants who never appeared in the action. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) ("we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."); *see also Lee v. Flint Cmty. Sch.*, No. 22-13134, 2023 U.S. Dist. LEXIS 184816, at *6 (E.D. Mich. Oct. 13, 2023).

Because the claims asserted against Priest fail for the same reasons as those asserted against the MDOC Defendants, the magistrate judge properly recommended dismissing Priest from the case.

### D. Motion for Default Judgment

As for his final objection, Parker challenges the magistrate judge's decision not to address his pending motion for default judgment against Priest. (ECF No. 54, PageID.397). The magistrate judge declined to recommend a disposition of the default judgment motion presumably because of his recommendation to dismiss Priest from the case entirely. (ECF No. 53, PageID.383). This portion of the report and recommendation is erroneous.

Considering the recommended dismissal of the allegations against Priest, the magistrate judge had two options available for disposing of the motion for default judgment: (1) recommend denying the motion as moot, or (2) recommend setting aside the clerk's entry of default against Priest *sua sponte* for "good cause" (*i.e.*, because the claims asserted against him lack merit) and then denying the motion for default judgment for lack of a precedent clerk's entry of default. *See* Fed. R. Civ. P. 55(a)-(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("we believe that the district court had the authority to set aside *sua sponte* an entry of default against LMC for good cause"); *Trs. of Mich. Conf. v. Alford*, No. 20-10459, 2021 U.S. Dist. LEXIS 21305, at *2 (E.D. Mich. Feb. 4, 2021) (same); *see also McGarity v. Birmingham Pub. Sch.*, No. 20-2176, 2021 U.S. App. LEXIS 26902, at *9 (6th Cir. Sep. 7, 2021) ("The movant must first obtain a clerk's entry of default against the defaulting party before the court or clerk may

enter default judgment."). Declining to decide the motion altogether was not an appropriate option.

Because the magistrate should have recommended denying Parker's default judgment motion against Priest for either one of the above reasons, the objection is sustained and the motion is denied. Accordingly,

IT IS ORDERED that Parker's objections (ECF No. 54) are overruled in part and sustained in part.

IT IS FURTHER ORDERED that the magistrate judge's January 27, 2025 report and recommendation (ECF No. 53) is adopted in part and rejected in part.

IT IS FURTHER ORDERED that the MDOC Defendants' motion for summary judgment (ECF No. 48) is granted.

IT IS FURTHER ORDERED that defendant Miguel Priest is dismissed from the case with prejudice.

IT IS FURTHER ORDERED that Parker's motion for default judgment against Priest (ECF No. 50) is denied.

Dated: March 17, 2025

s/Robert J. White
Robert J. White
United States District Judge